UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CELANESE CORPORATION, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-06-2265 |
| § | |
| KELLOGG, BROWN & ROOT, INC., AND § | |
| MARTIN K. EBY CONSTRUCTION CO., INC. § | |
| § | |
| *Defendants*. § | |

## ORDER FOR COSTS

Prevailing defendants Kellogg, Brown & Root, Inc. (KBR) and Martin K. Eby Construction Co. Inc. (Eby) seek judgment for their taxable costs incurred in this case. KBR seeks $85,799.41[1] (Dkt. 219), and Eby seeks $70,025.96 (Dkt. 220). Celanese moves to strike KBR's and Eby's bills of costs and objects to certain categories of requested costs (Dkt. 221). The court concludes that KBR and Eby are entitled to costs, but not in the full amounts requested.

**Motion to Strike**

Rule 54(d) of the Federal Rules of Civil Procedure states that unless federal law or a court order provides otherwise, costs other than attorneys' fees should be allowed to the prevailing party. This rule creates a presumption that the prevailing party will be awarded

---

[1] This amount reflects an adjustment noted in KBR's response to Celanese's Objection (Dkt. 222), footnote 7.

costs absent a good reason for denying them. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). Citing primarily cases from outside this jurisdiction,[2] Celanese argues that there are good reasons to deny costs in this case because (1) it pursued its claims in good faith; (2) the case presented difficult and novel legal issues regarding "arranger" liability; (3) the case involved a matter of vital public interest; and (4) defendants have significant financial resources.

The court is not persuaded that any of the reasons put forth by Celanese overcome the strong presumption in favor of awarding costs. Celanese concedes that the Fifth Circuit has held that a losing party's good faith alone is not sufficient reason to deny costs. *Pacheco*, 448 F.3d at 796. Based on the facts before it, the *Pacheco* court declined to determine whether good faith in combination with the other circumstances listed above[3] would be sufficient, and Celanese has cited no Fifth Circuit case that has so ruled.

The court agrees that this case involved novel issues of law, as is evidenced by the Supreme Court's issuance of its decision in *Burlington Northern* shortly after entry of judgment in this case. Nonetheless, the defendants ultimately prevailed on this issue. While this factor weighs in Celanese's favor, it does not outweigh the presumption. The court is not aware of any authority directing it to deny costs in every close case.

---

[2] Celanese's motion and objections, at 2-3.

[3] The enumerated circumstances listed in *Pacheco* include misconduct by the prevailing party, a circumstance Celanese does not allege here. *See id.* at 794.

The court does not believe that this case was vital to the public interest in the way recognized by some courts as a grounds for denying costs. This case was not about whether an environmental hazard would be remediated, or even by whom, but only which corporate entity would pay for it. The general public is not particularly concerned about whether under the peculiar facts of this case, the economic burden falls on Celanese, KBR, or Eby.

Finally, cases in which courts have denied costs based on the financial resources of the prevailing party usually involve a losing party with very limited financial resources. *See Chambers v. Joseph T. Ryerson & Son, Inc.*, 2007 WL 4302740 (N.D. Tex. Aug. 31, 2007) (enormous disparity in financial resources between losing indigent plaintiff and corporate defendant). This circumstance does not apply to Celanese.

The court concludes that no good reason exists for denying KBR and Eby their taxable costs. Celanese's motion to strike is denied.

**Celanese's Objections to Itemized Costs**

Celanese contends that certain items requested by KBR and Eby are not taxable under 28 U.S.C. § 1920. Section 1920 set forth the following items as taxable costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under section 1828 of this title. *See Mota v. University of Texas Houston Health Science Ctr*, 261 F.3d 512, 529-30 (5th Cir. 2001). A court cannot award any costs not authorized by the statute. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). The court must give careful scrutiny to the items proposed as costs by the prevailing party. *Louisiana Power & Light Co.*, 50 F.3d at 335. An award of costs will be overturned only for a clear abuse of discretion. *Id.* at 334; *Coats*, 5 F.3d at 891.

   1.    **<u>KBR's Bill of Costs</u>**

   ***Court reporter fees.***  Celanese objects to KBR's request for $3,022.73 for court reporter fees for daily transcripts and audio recordings from trial.

   A court does not abuse its discretion in declining to tax the costs of daily trial transcripts obtained primarily for the convenience of counsel. *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983). KBR explains that it "used the audio recordings and transcripts to prepare for examination of witnesses and closing argument, to address points raised by Celanese, to successfully rebut Celanese's cases, and to prepare post-trial Proposed Findings of Fact and Conclusions of Law."[4] While these uses are reasonable and it is clear the recordings and transcripts were obtained by KBR for use in the case, the court cannot say that the daily recordings and transcripts were "necessarily

---

[4]    KBR's response (Dkt. 222), at 7-8.

obtained" for use in the case. The court will sustain Celanese's objection to this item of KBR's bill of costs.

***Fees and disbursements for printing.*** KBR seeks $6,508.69 for this item of costs. Celanese contends that KBR has not met its burden to show these costs were necessary for trial. KBR responds that it does not have to "identify every xerox copy made for use in the course of legal proceedings," but only needs to make "some demonstration that reproduction costs necessarily result from *that* litigation." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (emphasis supplied by KBR). But, *Fogleman* also makes clear that the losing party "should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.* Thus, while KBR certainly does not have to specifically identify every item of paper, it must at least show that the papers were necessary for trial and not part of the voluminous copying that takes place in the course of a legal proceeding for the convenience of parties and counsel.

KBR has not met that burden here. It offers no description whatever of the documents that were printed, other than that they were "for litigation." KBR responds that is request reflects copying from high-volume printers that require a case-specific billing code, and that these printers were used only for large jobs such as document productions and trial exhibits. KBR notes that counsel and staff used printers for convenience copies that are not part of this case-specific billing code system. Moreover, KBR discounted its bill by 25% to account for

5

the possibility that some copying was arguably not necessary.[5]  These measures are no substitute for the required showing that the printing was necessary for trial.  Celanese's objection to this item is sustained.

***Exemplification and copies.***  KBR's request for $36,186.53[6] in this vaguely labeled category includes costs for converting "native" electronic files, outsourced printing and copying, and preparation of trial exhibits by its vendor, Carlock Design.

KBR has not pointed the court to any case awarding the cost of converting electronic files as taxable costs.  It seems a stretch to categorize such costs as "exemplification and copies."  Even if such costs were "necessary," the court is simply not convinced they are taxable under § 1920.  *Neutrino Dev. Corp. v. Sonosite, Inc.*, No. H-01-2482, 2007 WL 998636 (S.D. Tex. March 30, 2007), cited by both sides, does not provide much guidance.  In that case, $541.25 was taxed as costs for preparing documents to be produced electronically rather than by paper production.  In other words, the document production was reproduced electronically rather than on hard copy.  Here, Celanese produced the documents electronically, and the KBR performed a costly conversion to put the electronic files in a more usable form.  This may have been an efficient method of managing a large production, but the court is not convinced it was necessary exemplification or copying of the production

---

[5]   KBR's response, at 8-9.

[6]   KBR's response, at 12 n.7.

for use in the case. The court will sustain Celanese's objection to taxation of $19,663.00 for conversion of electronic files.

KBR's request for $6,242.51 for outsourced printing costs and copying is just as vague and non-specific as its request for in-house printing, and will be denied for the same reason.

KBR seeks to tax $10,281.02 billed by Carlock Design for displaying exhibits in the courtroom. Again, the court does not believe this item fits into any category of taxable costs allowed under § 1920. The fact that the services were actually used in trial, and were an efficient and effective way of displaying exhibits, does not mean make them necessary fees for exemplification and copying. Again, KBR has presented no case awarding similar costs. The court will sustain Celanese's objection to the $10,281.02 Carlock Design invoice.

*Other costs.* KBR seeks $39,268.21 in costs associated with taking depositions. This includes costs for videographer fees in the amount of $4,465.00 and videotapes in the amount of $830.00. KBR concedes that the cost of videotaped depositions are generally not taxable, but ask the court to make an exception in this case.[7] KBR does not point out such exceptional circumstances as might warrant an exemption from the usual rules governing taxation of costs in this circuit. The court will sustain Celanese's objection to videographer fees.

---

7   KBR response, at 13.

The court will also sustain Celanese's objection to KBR's request for $427.31 for additional copies of original transcripts. The remaining deposition costs in the amount of $33,545.90, which consists of original transcripts, first copies of transcripts, and witness costs, will be taxed. *See Fogleman*, 920 F.2d at 285-86 (approving award of deposition costs, but denying costs of multiple copies for the sake of convenience).

*Conclusion.* Celanese's objections to KBR's bill of costs are overruled in part and sustained in part. The court will enter judgment in favor of KBR for taxable costs in the amount of $34,359.15.

2.    **Eby's Bill of Costs**

*Court reporter fees.* Eby seeks $33,544.19 for court reporter fees. Celanese objects that this request includes non-taxable fees for videotaped depositions, extra copies of depositions, and daily trial transcripts. The court sustains Celanese's objections. Eby can recover costs for original deposition transcripts and first copies of deposition transcripts. The court has reviewed Eby's itemization of costs in this category, and determines that $26,780.26 of the requested sum is taxable.

*Fees and disbursements for printing.* Celanese objects that Eby has not met its burden to show that the $4,016.00 it seeks to tax was for printing costs that were necessary for this case. Eby responds that it has an accounting system for internal billing for high speed photocopier costs and its request does not include charges for desktop printers used by counsel and their staff for convenience copies. Eby also responds that because most

8

documents were digital, copies were only made when paper copies were necessary. Like KBR, Eby discounted its accounting records from the high speed printers by 25% to account for the possibility that arguably non-necessary copies may have been included. Again, these explanations do not satisfy Eby's burden to show that these copies were necessary for use at trial. The court will sustain Celanese's objection to this item on Eby's bill of costs.

*Exemplification and copies.* Eby requests $24,310.06 for its costs to convert electronic documents from native format, for outsourced copying and printing of unspecified documents, and for its share of the services of Carlock Design for displaying exhibits at trial. The court sustains Celanese's objections to these requests for the same reasons as discussed above in connection with KBR's bill of costs.

*Conclusion.* Celanese's objections to Eby's bill of costs are overruled in part and sustained in part. The court will enter judgment in favor of Eby for taxable costs in the amount of $34,935.97.

Signed at Houston, Texas on June 25, 2009.

Stephen Wm Smith
United States Magistrate Judge